UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CHRISTOPHER JEWELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-00744-SEB-MJD |
| WEXFORD OF INDIANA, LLC, et al. | ) | |
| Defendants. | ) | |

**Order Granting Motion for Preliminary Injunction**

Plaintiff Christopher Jewell, an inmate currently incarcerated at Pendleton Correctional Facility ("Pendleton"), brought this action against medical providers and other employees at Pendleton, including Dr. Paul Talbot and his employer, Wexford of Indiana, LLC ("Wexford). Mr. Jewell alleges that the Medical Defendants have and continue to provide deficient medical treatment for his severe acid reflux diseases, commonly referred to GERD and Barrett's esophagus.

Presently before the Court is Mr. Jewell's motion for a preliminary injunction. He asks the Court to order the Medical Defendants to place him on a no-citrus diet and be prescribed necessary medications. The Medical Defendants responded to Mr. Jewell's motion, but failed to submit *any* evidence supporting their factual assertions. The State Defendants failed to respond. This leaves the substantial evidence submitted by Mr. Jewell unopposed. This unopposed evidence shows that Mr. Jewell is entitled to a preliminary injunction.

**I.
Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate

remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

If the plaintiff passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

## II.
## Discussion

### A. Likelihood of Success on the Merits

The Court begins with whether Mr. Jewell has a likelihood of success on the merits of his Eighth Amendment medical claim. Mr. Jewell was and remains a convicted prisoner, thus his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates

and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc). To show deliberate indifference, "a plaintiff does not need to show that the official intended harm or believed that harm would occur," but "showing mere negligence is not enough." *Id.* at 728. Instead, a plaintiff must "provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Id.*

The parties do not dispute that Mr. Jewell has been diagnosed with GERD and Barrett's esophagus and that these are objectively serious medical conditions. To treat these conditions, Mr. Jewell presents evidence that he has been placed on a no-citrus diet and prescribed various medications, including Zantac and Prilosec. *See, e.g.*, dkt. 31-1 at 3; dkt. 49-2. Nevertheless, evidence shows that there have been several gaps in receiving his medications and that he has been removed from the no-citrus diet without explanation. *See* dkt. 31-1 at 2; dkt. 49 at 6-9. Mr. Jewell attests that with an order from Dr. Talbot, he would receive a no-citrus diet from the prison food provider. Notably, the no-citrus diet information sheet states that one of its purposes is for individuals with GERD. Dkt. 49-3 at 2.

Because the Medical Defendants have failed to present any evidence, Mr. Jewell's evidence is accepted as true.[1] The Seventh Circuit has held that the denial of Zantac for GERD—

---

[1] The Medical Defendants' response—which, again, does not include any evidence—states that Dr. Talbot does not believe there is a medical necessity for a citrus-free diet. Yet the Medical Defendants state immediately thereafter that Mr. Jewell "has been instructed on many occasions

and even the failure to administer Zantac at the appropriate time in relation to meals—could allow a reasonable jury to infer deliberate indifference. *See Rowe v. Gibson*, 798 F.3d 622, 626-28 (7th Cir. 2015). Moreover, a reasonable jury could, and likely would, infer that unexplained gaps in providing medication and unexplained removal from a non-citrus diet—especially when the diet is specifically designed for individuals with GERD—is due to deliberate indifference of the medical provider. Mr. Jewell has therefore shown a significant likelihood of success on his Eighth Amendment medical claim.

**B.     No Adequate Remedy at Law**

The Court turns next to the second factor, which asks whether there is "no adequate remedy at law." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted). This factor requires Plaintiff to establish "that any award would be seriously deficient as compared to the harm suffered." *Whitaker by Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (citations and quotation marks omitted).

Mr. Jewell presents undisputed evidence that those with GERD and Barrett's esophagus can develop esophageal cancer. *See Rowe*, 798 F.3d at 623 ("Some people [with GERD] develop a condition known as Barrett's esophagus. This condition can increase the risk of esophageal cancer." (citation and quotation marks omitted)). This is sufficient to establish this factor. *See Whitaker*, 858 F.3d at 1046 (holding that there is no "adequate remedy for preventable life-long diminished well-being and life-functioning" (internal quotation marks omitted)).

---

to avoid those foods that may aggravate the symptoms of his [GERD]," which includes "foods with high levels of citrus." Dkt. 35 at 3-4. At minimum, then, the Medical Defendants acknowledge that avoiding citrus is medically recommended.

C.   **Irreparable Harm**

The third threshold factor requires Mr. Jewell to establish irreparable harm. "[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial." *Whitaker*, 858 F.3d at 1045 (citation and internal quotation marks omitted). For the same reasons Mr. Jewell has no adequate remedy at law, he has established that he faces irreparable harm absent a preliminary injunction.

D.   **Balance of Harms & Public Interest**

Because Mr. Jewell has established the above three threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky.*, 896 F.3d at 816. The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

As noted above, Mr. Jewell has a significant likelihood of success on the merits. Moreover, the balance of harms weighs heavily in Plaintiff's favor. He has presented evidence that he suffers due to the lack of treatment and risks developing esophageal cancer. The Medical Defendants, on the other hand, have not presented any evidence, let alone evidence that they will suffer harm if a preliminary injunction is entered. Without such evidence, the balance of harms weighs in Mr. Jewell's favor.

For similar reasons, public interest favors granting a preliminary injunction. It is in the public interest to ensure that inmates' Eighth Amendment rights are upheld and that violations of

them do not lead to unnecessary suffering or worse. More generally, the vindication of constitutional rights serves the public interest. *See Joelner v. Vill. of Washington Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004) ("Surely, upholding constitutional rights serves the public interest.") (quoting *Newsom v. Albemarle County Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003)); *see also Preston*, 589 F.2d at 303 n.3 ("The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest.").

Accordingly, Mr. Jewell is entitled to a preliminary injunction.

### III.
### Conclusion

For the reasons explained above, Mr. Jewell's motion for preliminary injunction, dkt. [31], is **granted**, and his motion requesting the status of his motion for preliminary injunction, dkt. [62], is **granted** to the extent he will be sent a copy of this Order.

Preliminary injunctive relief related to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Given the likelihood that Plaintiff can show his current medical providers are acting with deliberate indifference to his serious medical need, the preliminary injunction set forth below is the least intrusive means to correct the harm, while ensuring that the Court does not dictate specific medical treatments. The preliminary injunction automatically expires ninety days after the issuance of this Order. *Id.* Mr. Jewell may request that it be renewed by no later than **fourteen days** before the injunction expires.

The Court enters a preliminary injunction in Mr. Jewell's favor as follows:

- Dr. Talbot and Wexford must ensure that Mr. Jewell has a standing order to receive a no-citrus diet for all meals while this injunction remains in effect. This order may only be rescinded if recommended by the outside gastroenterologist.

- Dr. Talbot and Wexford must ensure that Mr. Jewell receives the appropriate medication at the appropriate time for his GERD and Barrett's esophagus. The Court will not dictate the specifics of this care, but tailoring an appropriate injunction has been made significantly more difficult by the Medical Defendants failure to meaningfully litigate against Mr. Jewell's motion. Therefore, in order to ensure that Mr. Jewell receives appropriate care, Dr. Talbot and Wexford shall refer Mr. Jewell to an outside gastroenterologist by no later than **October 4, 2019**. The Medical Defendants must follow the treatment recommend by the gastroenterologist while this injunction remains in effect. The gastroenterologist shall be given a copy of this Order. The Medical Defendants shall **report no later than October 11, 2019**, that the referral has been made and the date the appointment is scheduled. This report may be filed *ex parte* only if Plaintiff is not given notice of the date of the appointment.

**IT IS SO ORDERED.**

Date: 09/30/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER JEWELL
206774
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov